**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN L. MILLER,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF THE STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>        Defendants. | Case No. 1:21-cv-00176-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR PERMANENT AND PRELIMINARY INJUNCTION<br><br>(ECF No. 4)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.    Introduction**

Plaintiff Kevin L. Miller ("Plaintiff") is a former county jail inmate proceeding *pro se* and *in forma pauperis* in this action filed pursuant to 42 U.S.C. § 1983. Plaintiff's complaint has not yet been screened.

**II.    Motion for Permanent and Preliminary Injunction**

On February 17, 2021, Plaintiff filed a motion for permanent and preliminary injunction. (ECF No. 4.) In his motion, Plaintiff requests a preliminary and permanent injunction ordering Defendants Commissioner John Doe, Warden John Doe, and Lieutenant Gordon of Kern County Lerdo Pre-Trial to: (1) begin transportation relief to receiving/reception; (2) find immediate relief

1

for inmates with prison sentences housed in the county jail; (3) calculate all post pandemic credits plus CDC percentage(s) to inmates with prison sentences housed in the county of Kern Justice and Pre-Trial that are awaiting transportation relief due to Covid-19; (4) restore <u>all</u> programs for program credits; (5) make aware and action relief for decontamination of cells and unit for Covid-19; (6) undergo release for inmates due to the pandemic; and (7) re-assess Plaintiff's medication with psychiatric doctor of Kern County Lerdo Pre-Trial.  (<u>Id.</u>)  Plaintiff feels that his mental health doctor at Lerdo Pre-Trial is not responding to his mental health requests or assessing him for an appointment like sick call.  (<u>Id.</u>)

On February 24, 2021, Plaintiff filed a notice of change of address indicating that he had been transferred to Wasco State Prison.  (ECF No. 6.)

"A preliminary injunction is an extraordinary remedy never awarded as of right."  <u>Winter v. Nat. Res. Def. Council, Inc.</u>, 555 U.S. 7, 24 (2008) (citation omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  <u>Id.</u> at 20 (citations omitted).  An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief.  <u>Id.</u> at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy.  <u>City of L.A. v. Lyons</u>, 461 U.S. 95, 102 (1983); <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.</u>, 454 U.S. 464, 471 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  <u>Id.</u>  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

///

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491−93; Mayfield, 599 F.3d at 969.

Plaintiff has not met the requirements for the injunctive relief he seeks in this motion. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

As Plaintiff's complaint has not yet been screened, the Court cannot find that Plaintiff has shown a likelihood of success on the merits. In addition, no defendant has been ordered served, and no defendant has yet made an appearance. Thus, the Court at this time lacks personal jurisdiction over Defendants or any other prison staff at the Lerdo Pre-Trial facility.

Furthermore, the relief requested is not narrowly drawn. Pursuant to the Prison Litigation Reform Act, any relief granted must be "narrowly drawn, extend[] no further than necessary to correct the violation of the Federal right, and [be] the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). Plaintiff has requested relief that extends to the release of other inmates housed at multiple facilities in Kern County, which does not appear to be related to Plaintiff's claims regarding his own transfer or medical care.

Finally, it appears the relief sought is now moot. Shortly after the motion was filed, Plaintiff was transferred to a state prison and is no longer housed at Lerdo Pre-Trial. Any requested relief related to Lerdo Pre-Trial, such as Plaintiff's transfer from the facility, programming, decontamination of cells, or his treatment by a physician at that facility is now moot.

///

///

### III. Order and Recommendation

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that Plaintiff's motion for permanent and preliminary injunction, (ECF No. 4), be DENIED.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **March 5, 2021**                    /s/ Barbara A. McAuliffe
                                             UNITED STATES MAGISTRATE JUDGE