# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN L. MILLER,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF THE STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>    Defendants. | Case No. 1:21-cv-00176-DAD-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL<br><br>(ECF No. 13) |

    Plaintiff Kevin L. Miller ("Plaintiff") is a former county jail inmate proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint has not yet been screened.

    Currently before the Court is Plaintiff's motion for appointment of counsel, filed March 12, 2021. (ECF No. 13.) Plaintiff states that he is unable to afford counsel, his imprisonment will greatly limit his ability to litigate, and the issues involved in this case are complex and will require significant research and investigation. Plaintiff also states that he has limited access to the law library and limited knowledge of the law, a trial in this case will likely involve conflicting testimony, and counsel would better enable Plaintiff to present evidence and cross examine witnesses. Plaintiff states that he has made repeated efforts to obtain a lawyer, and therefore he requests that the Court appoint a member of the Bar as counsel in this case. (Id.)

    Plaintiff is informed that he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the Court cannot require an attorney to

represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  <u>Mallard v. U.S. Dist. Court for the S. Dist. of Iowa</u>, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  <u>Id.</u> (internal quotation marks and citations omitted).  The Court has considered Plaintiff's request and does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases filed by prisoners, with limited financial resources and limited knowledge of the law, who are proceeding *pro se* almost daily.  These prisoners also must conduct legal research and prosecute claims without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  Plaintiff's complaint has not yet been screened, and therefore the Court cannot evaluate the likelihood of success on the merits.  Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

Accordingly, Plaintiff's motion for appointment of counsel, (ECF No. 13), is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **March 15, 2021**                             /s/ *Barbara A. McAuliffe*
                                                UNITED STATES MAGISTRATE JUDGE

2